United States District Court
Southern District of Texas
**ENTERED**
November 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **CARLOS HUGO VALDEZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:23-CV-00117** |
| § | |
| **YOLANDA GARCIA,** *et al.***,** § | |
| § | |
| **Respondents.** § | |

### ORDER & MEMORANDUM

Plaintiff Carlos Hugo Valdez ("Plaintiff") seeks leave to proceed *in forma pauperis* in his suit against Defendants Yolanda Garcia and Velvo Garcia ("Defendants"). (Dkt. 1.) Plaintiff seeks "for the Court to file a complaint a lawsuit [sic] on [his] behalf" against Defendants for harm he alleges their tenants have done to himself and to his home, as well as for "emotional stress [sic] due to renting to anyone." (Dkt. 1 at 5.) Plaintiff further seeks damages of $150,000. (*Id.*) For the following reasons, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and his action is DISMISSED WITHOUT PREJUDICE.

### Background

Plaintiff claims that Defendant Yolanda Garcia is the landlord of 1020 Galveston Street, which abuts his home at 1710 McClelland Avenue, Laredo, Texas. (Dkt. 1 at 2.) Plaintiff claims that Defendant Velvo Garcia is Defendant Yolanda Garcia's son, that Defendant Velvo Garcia is aware "that his parents are renting the house next to" Plaintiff's home, and that Defendant Velvo Garcia "know's [sic] is wrong." (Dkt. 1 at 1.) Plaintiff identifies 1710 McClelland Avenue as his mother's estate; he has submitted City of Laredo property tax records sent to his mother as

decedent, care of Plaintiff. (Dkt. 1, Attach. 1.)[1] Plaintiff alleges numerous unsubstantiated complaints with respect to the tenants of 1020 Galveston. (Dkt. 1 at 2-4.) He claims first that the former tenants accepted shipments of marijuana, threw 575 pounds of marijuana onto Plaintiff's property, trespassed on Plaintiff's property, and stored narcotics on Plaintiff's property. (Dkt. 1 at 2, 4.) He claims second that the current tenant stole credit cards "from someone" and trespassed on Plaintiff's property. (Dkt. 1 at 3-4.) Plaintiff alleges that he informed Defendant Yolanda Garcia of her tenants' alleged wrongdoings, and that she replied, "what is it to you what they do." (Dkt. 1 at 2.) Plaintiff states that he has contacted law enforcement about the situation multiple times, only to be informed that "it's a civil case." (Dkt. 1 at 3.) Plaintiff seeks both monetary damages and to have the Court file a lawsuit on his behalf. (Dkt. 1 at 5.)

## Legal Standards

### A.   *In Forma Pauperis* Status and Dismissal of *In Forma Pauperis* Proceedings

Under Title 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement… of any suit, action or proceeding… without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets" the person possesses, showing "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a) (2023). "District courts have the authority and discretion to conduct reasonable investigations into allegations of poverty." *Bucklew v. Bonham*, 2022 U.S. Dist. LEXIS 51859 at *8 (N.D. Tex. Feb. 9, 2022) (citing *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016)). "Falsification of the affidavit warrant[s] denial of the right to proceed *in forma pauperis* as well as dismissal without prejudice of the complaint." *Lay v. Justices-Middle Dist.*

---

[1] The Court will use "Attachment" to refer to Plaintiff's sub-filings in accordance with official docket entries.

*Court*, 811 F.2d 285, 286 (5th Cir. 1987.) A grant of *in forma pauperis* status does not preclude courts from later imposing court costs. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Furthermore, a grant of *in forma pauperis* status does not prevent a court from dismissing the case "if the allegation of poverty is untrue or the action is found frivolous or malicious." *Williams v. Short*, 2023 U.S. Dist. Lexis 178227 at *2 (W.D. Tex. Oct. 3, 2023). Indeed, district courts have a responsibility to screen petitions by plaintiffs who are granted *in forma pauperis* status. 28 U.S.C. § 1915(e)(2)(B). *Lebouef v. Island Operating Co.*, 342 F. App'x 983, 984, 984 n.1 (5th Cir. 2009) (stating that "the district court has a statutory responsibility to screen out frivolous suits" in certain circumstances and citing in the footnote to § 1915(e)(2) as a circumstance "authorizing *sua sponte* dismissal of *in forma pauperis* petitions that are frivolous, malicious, or fail to state a claim"). This screening responsibility applies both to incarcerated and non-incarcerated plaintiffs filing *in forma pauperis*. *In re Simms*, 2022 U.S. Dist. LEXIS 241520, at *6 (S.D. Tex. Dec. 14, 2022), *report and recommendation adopted*, *Simms v. U.S. Customs & Border Prot.*, 2023 U.S. Dist. LEXIS 68954 (S.D. Tex. Apr. 20, 2023); *Womack v. Teleplan*, 2003 U.S. Dist. LEXIS 8540, at *2 n.1 (N.D. Tex. May 20, 2003) ("Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases") (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002)). Courts have the authority to dismiss complaints filed by plaintiffs proceeding *in forma pauperis* at any point if the claim is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Fifth Circuit has held that courts may examine an *in forma pauperis* proceeding for frivolousness "at any time, before or after service of process and before or after the defendant's answer." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *see also Hernandez v. Hunger*, 2022 U.S. App. LEXIS 36000 at *7 (5th Cir. Dec. 30, 2022).

**B.      Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *See Gunn v. Minton*, 568 U.S. 251, 257 (2013). To determine whether the case arises under federal law, courts look to whether "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). The Supreme Court has identified two ways that a case can "arise under" federal law for statutory purposes: first, "when federal law creates the cause of action asserted"; second, in "a 'special and small category' of cases" with origins in state law where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn* at 257-58 (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). In addition to cases arising under federal question jurisdiction, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity of citizenship requires that the plaintiff and defendants in a civil suit may not be citizens of the same state, nor a citizen of a state and a lawful permanent resident domiciled in that state. 28 U.S.C. § 1332(a). If at any time a federal court determines that it lacks subject matter jurisdiction over an action, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

**Discussion**

A.      **Plaintiff's Application for *In Forma Pauperis* Status is Granted**

Plaintiff seeks to proceed *in forma pauperis*. (Dkt. 2.) Plaintiff filed an affidavit, under penalty of perjury, stating that he receives no income or wages but does receive monthly disability benefits in the sum of $914.00, in addition to monthly life insurance payments in the sum of $41.38. (Dkt. 2 at 1.) Plaintiff detailed monthly expenses in the sum of $901.29. (Dkt. 2 at 2.) Plaintiff also stated that he owed debts or financial obligations to L.I.S.D. in the amount of $250, in city taxes in the amount of $218.63, and in Webb County taxes in the amount of $320.65. (*Id.*) Plaintiff lives at 1710 McClelland Ave., Laredo, Texas, which he describes as his mother's estate, valued at $94,000. (*Id.*) Plaintiff did not provide evidence as to the stated amounts in either expenses or benefits; however, his detailed catalogue of his finances supports the Court's granting of *in forma pauperis* status. When granting *in forma pauperis* status, the Court retains the authority to conduct an investigation into Plaintiff's allegations of poverty, dismiss the case at any time upon finding that allegations of poverty are untrue, or dismiss the case at any time upon finding that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Bucklew v. Bonham*, 2022 U.S. Dist. LEXIS 51859 at *8 (N.D. Tex. Feb. 9, 2022) (citing *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016)); 28 U.S.C. § 1915(e)(2)(A)-(B).

B.      **The Court Does Not Have Jurisdiction Over Plaintiff's State Law Claims**

The bulk of Plaintiff's claims arise under state law. Plaintiff alleges that Defendant Yolanda Garcia's tenants trespassed onto 1710 McClelland Ave., causing property damage. (Dkt. 1 at 2-4.) The Court interprets this as an allegation of an intentional tort by Defendant Yolanda Garcia's tenants. Plaintiff further alleges that Defendants have caused him "emotional stress,"

which the Court interprets as an allegation of intentional infliction of emotional distress. (Dkt. 1 at 5.) As a *pro se* litigant, Plaintiff's pleadings are entitled to review under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Despite this lenient pleading standard, these claims do not arise under federal law—there is no federal ingredient to Plaintiff's claims. *See Osborn v. President, Dirs. & Co. of Bank*, 22 U.S. 738 (1824). Furthermore, while Plaintiff claims $150,000 in damages, which exceeds the minimum for diversity jurisdiction, he alleges that Defendants are domiciled in Laredo, Texas. (Dkt. 1 at 1); *see* 28 U.S.C. § 1332(a). Plaintiff is also domiciled in Texas. (Dkt. 1 at 1.) There is no diversity of citizenship; any amended pleadings against the same Defendants would likewise fail to meet complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Curtiss v. Strawbridge*, 7 U.S. 267, 267 (1806). As such, there is neither federal question jurisdiction nor diversity jurisdiction over the Plaintiff's tort claims. The Court dismisses these claims for a lack of subject matter jurisdiction.

### C.   Plaintiff's Controlled Substances Act Claim is Frivolous

Plaintiff further alleges that Defendant Yolanda Garcia's prior tenants have trafficked controlled substances on the rental property, potentially crossing onto 1710 McClelland Avenue. (Dkt. 1 at 2.) Construed liberally under the lenient *pro se* pleading standard, this claim does arise under federal law. *See Haines*, 404 U.S. at 520. Title 21 U.S.C. § 856(a)(1) makes it unlawful to "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." 21 U.S.C. § 856(a)(1). §856(a)(2) likewise makes it unlawful to "manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or

using a controlled substance." 21 U.S.C. § 856(a)(2). However, the statute provides for criminal and civil penalties—not a private right of action. 21 U.S.C. § 856(a). *See Safe Sts. Alliance v. Alternative Holistic Healing, LLC*, 2016 U.S. Dist. LEXIS 5934 at *11 (D. Colo. Jan. 19, 2016) ("[F]ederal courts uniformly have held that there are no private rights of action under the [Controlled Substances Act]," which includes § 856(a)) (collecting cases). Since Plaintiff has no right to pursue a civil or criminal case against Defendant for any use of controlled substances at 1020 Galveston St., the action against Defendant for tenants' alleged use or trafficking of controlled substance lacks any arguable basis in law. This action is frivolous.

### D.     The Action Is Dismissed

The Court has the responsibility to screen *in forma pauperis* petitions. 28 U.S.C. § 1915(e)(2)(B). *Lebouef v. Island Operating Co.*, 342 F. App'x 983, 984, 984 n.1 (5th Cir. 2009). Plaintiff has petitioned for and been granted *in forma pauperis* status. *See* (Dkt. 2.) As such, the Court examines this filing under 28 U.S.C. § 1915(e)(2)(B). 28 U.S.C. § 1915(e)(2)(B)(i) states that a court may dismiss an *in forma pauperis* action may at any time. "A complaint lacks an arguable basis in law if it is 'based on an indisputably meritless legal theory,' such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Plaintiff seeks to have the Court file a lawsuit against Defendants for their tenants' alleged actions in violation of the federal Controlled Substances Act and in violation of state law. (Dkt. 1 at 5.) Even construed liberally as an attempt to himself pursue a lawsuit against Defendants, Plaintiff does not have a legal interest in this relief in federal court. There is no private right of action under the Controlled Substances Act, and there are no facts Plaintiff could add to these pleadings to create an arguable basis in law or fact under the Controlled Substances Act. Plaintiff's

actions against Defendants for violations of the Controlled Substances Act are dismissed as frivolous, while Plaintiff's actions against Defendants for violations of state law claims are dismissed for a lack of subject matter jurisdiction. The case is hereby DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

    SIGNED this November 29, 2023.

                                            Diana Saldaña
                                            United States District Judge